# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00473-STV

GREGORY D. CROSBY, also known as Gregory D. Cosby,

    Petitioner,

v.

JACK FOX, Warden,

    Respondent.

---

# ORDER

---

Entered By Magistrate Judge Scott T. Varholak

    This matter is before the Court on Applicant's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). [#8] On April 14, 2017, the Court issued an Order to Show Cause directing Respondent Jack Fox to show cause why the Application should not be granted. [#15] On June 5, 2017, Respondent filed a Response to the Order to Show Cause [#31], and Applicant filed a Reply in Opposition to Government's Response to Show Cause on August 4, 2017 [#39]. The parties have consented to this Court's jurisdiction over this case for all purposes, including the entry of judgment. [#24-26] This Court has carefully considered the Application and related briefing, the entire case file and the applicable case law, and has determined that a hearing would not materially assist in the Court's disposition of the Application. For the following reasons, the Court **DENIES** the Application.

I.   **BACKGROUND**

Applicant is a federal prisoner currently incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado. [#31-1 at ¶ 6]  On May 20, 2016, while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, Applicant was issued a Prison Misconduct Report, in which Applicant was accused of violating Code 298 (interfering with a staff member in the performance of duties),[1] Code 307 (refusing to obey an order of a staff member),[2] and Code 312 (insolence)[3] based upon Applicant's alleged failure to return a food tray when ordered to do so, and for allegedly responding to the order by stating:  "Fuck you, you white ass country cracker you will get them back when I'm good and ready."  [#8 at 6; #31-3 at 6-7]  On May 24, 2016, Applicant was brought before the Unit Disciplinary Committee and allegedly provided a Notice of Discipline Hearing Before the DHO (Discipline Hearing Officer) (the "Notice") and written notice of Inmate Rights at Discipline Hearing.  [#31-1 at ¶ 10; #31-3 at 8, 9]  Both documents provide notification of the rights that would be afforded at the disciplinary hearing, including "[t]he right to have a full-time member of the staff . . . represent [him] before the Discipline Hearing Officer."  [#31-3 at 9]  According to Respondents, Applicant did not request to have a staff representative or witnesses at this hearing.  [#31-1 at ¶ 10]  The Notice indicates

---

[1] Code 298 prohibits "[i]nterfering with a staff member in the performance of duties most like another High severity prohibited act. This charge is to be used only when another charge of High severity is not accurate. The offending conduct must be charged as 'most like' one of the listed High severity prohibited acts."  28 C.F.R. § 541.3.
[2] Code 307 prohibits "[r]efusing to obey an order of any staff member (may be categorized and charged in terms of greater severity, according to the nature of the order being disobeyed, . . .)."  28 C.F.R. § 541.3.
[3] Code 312 prohibits "[i]nsolence towards a staff member."  28 C.F.R. § 541.3.

2

that Applicant expressed that he did not wish to have a staff representative or to call witnesses at the DHO hearing. [#31-3 at 8] Although the Notice includes a box for the offender's signature, the completed Notice indicates that Applicant refused to sign it. [*Id.*] Similarly, the Inmate Rights at Discipline Hearing form includes a box for the offender's signature, but the completed form here indicates that Applicant refused to sign it. [*Id.* at 9]

On June 6, 2016, DHO Angelo Jordan conducted a DHO hearing. [#8 at 7; #31-1 at ¶ 11] The DHO submitted an affidavit in support of Respondent's Response to the Order to Show Cause testifying that, during the hearing he "reviewed Applicant's due process rights, including his right to call witnesses and request a staff representative" and that Applicant confirmed that he understood his rights and was ready to proceed with the hearing. [#31-1 at ¶ 11] The DHO further testifies that Applicant did not request a staff representative or witnesses at the hearing. [*Id.*] Applicant, however, contends that he requested a staff representative at the DHO hearing, but his request was denied by the DHO. [#8 at 7]

According to the DHO Officer, during the hearing, Applicant stated that the incident report was inaccurate and told the DHO that the reporting officer had provoked him. [#31-1 at ¶ 12] The DHO further claims that Applicant told him that "cracker" was not a racist statement and that the DHO was wasting his time. [*Id.*] Applicant also submitted a three-page written statement to be considered as documentary evidence. [*Id.* at ¶ 13; #31-3 at 10-12] Within the written statement, Applicant states that he "believe[s] the only charge he could be possibl[y] guilty of [is] refusing an order, cause

the tray was not return[ed] back to the retrieving officer." [#31-3 at 11] The statement also argues that Applicant's alleged use of the word cracker "does not amount to insolence," because "cracker" is "define[d] in Webster [a]s a thin mixt[ure] of flour and water a substance you eat. Furthermore it is also define[d] as a native from Florida or Georgia." [*Id.* at 12]

Following the hearing, the DHO dismissed the charge of interfering with staff and found Applicant guilty of insolence and refusing an order. [#31-1 at ¶ 14; #31-3 at 2-5] The DHO imposed the following sanctions separately for each of the two violations: 14 days loss of good conduct time, 15 days disciplinary segregation, and 90 days loss of commissary, telephone and visiting privileges. [#31-3 at 5]

Following unsuccessful administrative appeals of the DHO's decision [#8 at 8; #14], on December 13, 2016, Applicant filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. [#1-1] Applicant was transferred from USP Lewisburg in the Middle District of Pennsylvania to ADX Florence in the District of Colorado on or about October 31, 2016 [#1-8 at 1 n.1], and the case was subsequently transferred to the District of Colorado on February 22, 2017. [#1 at 1] Applicant filed the Application on March 6, 2017, alleging that: (1) he was denied a staff representative; (2) the charges are not supported by evidence insofar as the DHO failed to consider exculpatory evidence; and (3) the DHO acted in an unprofessional manner. [#8 at 7]

On April 14, 2017, United States Magistrate Judge Gordon P. Gallagher issued an Order to Show Cause, ordering Respondent to show cause why the Application

should not be granted. [#15 at 2] Respondents filed a response to the Order to Show Cause on June 5, 2017, arguing that the Amended Application should be denied, because Applicant was afforded all required due process and the disciplinary decision is supported by the evidence. [#31] Applicant filed a reply on August 4, 2017, alleging that there is insufficient evidence to support the charge of insolence because the DHO did not consider the dictionary definition of "cracker" as exculpatory evidence.[4] [#39]

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2241

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [ ] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitions for habeas corpus made pursuant to 28 U.S.C. § 2241 "are used to attack the execution of a sentence," whereas petitions made pursuant to 28 U.S.C. sections 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief pursuant to Section 2241 is warranted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A habeas petition under 28 U.S.C. § 2241, brought in the district where the inmate is confined, is a proper vehicle for challenging the loss of good-time credits." *Bornman v. Berkebile*, No. 14-CV-01997-MJW, 2014 WL 5396169, at *2 (D. Colo. Oct. 23, 2014)

---

[4] Although Applicant states in the document that "no reply will be made" and that he will "rel[y] on his Amended Complaint," he goes on to state that he is submitting a "supporting argument to the fact of insolence claim . . . as follow[s]." [#39 at 2] The Court thus considers the document as a reply brief offered in support of the Application.

5

(citing *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir.2007)); *see also McIntosh*, 115 F.3d at 811-12.

A habeas petitioner "is entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) ("In response to a [28 U.S.C.] § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records in the case conclusively show that the prisoner is entitled to no relief." (quotations omitted)); *Wilson v. Oklahoma*, 335 F. App'x 783, 784 (10th Cir. 2009) (finding no error where district court denied applicant evidentiary hearing on 28 U.S.C. § 2241 petition where "nothing in the record [ ] indicate[d] [the applicant] is entitled to any relief").

### B. Due Process for Disciplinary Proceedings

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotations omitted). The Supreme Court has acknowledged, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Applying this guidance, the Supreme Court has held:

> [w]here a prison disciplinary hearing may result in the loss of good time credits . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Although a prisoner generally does not have a constitutional right to have a staff representative at a disciplinary hearing, "due process requires that inmates be provided with the aid of a staff representative [ ] where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Jordan v. Wiley*, No. 06-CV-02090-WYD, 2009 WL 1698509, at *9 (D. Colo. June 17, 2009), aff'd, 411 F. App'x 201 (10th Cir. 2011) (quoting *Wolff*, 418 U.S. at 570).

"[I]n addition to [these] requirements, revocation of good-time credits does not comport with the minimum requirements of procedural due process, unless the findings are supported by some evidence in the record." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (internal quotations omitted). Violations of these due process requirements are subject to harmless error review. *See Brennan v. United States*, 646 F. App'x 662, 666 (10th Cir. 2016), *cert. denied sub nom.*, 137 S. Ct. 695 (2017), *reh'g denied sub nom.*, 137 S. Ct. 1453 (2017) (applying harmless error review to notice requirement upon "[s]eeing no reason why one *Wolff* requirement would be subject to harmless error review and another would not"); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) (holding that "errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review").

### C. Pro Se Litigants

The Court acknowledges that Applicant is proceeding *pro se*. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant." *Id.* at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. ANALYSIS

Applicant contends that his due process rights were violated and he is entitled to habeas relief because: (1) his request to have the assistance of a staff representative for the disciplinary hearing was denied; (2) the DHO failed to consider exculpatory evidence regarding the definition of the word "cracker"; and (3) the DHO acted in an unprofessional and biased manner.[5] [#8]

### A. Denial of a Staff Representative

It is undisputed that Applicant did not have a staff representative at the DHO hearing. [#31-1 at ¶ 11; #8 at 7] The parties dispute, however, whether Applicant

---

[5] Applicant appears to only be challenging the discipline imposed for the charge of insolence and not that resulting from the charge of refusing an order. [#39 at 2 (stating that Applicant "only submitted a supporting argument to the fact of [the] insolence claim")] To the extent Applicant intends to challenge the discipline imposed for refusing an order, the Court's analysis of the denial of a staff representative and the DHO's alleged unprofessionalism applies equally to that charge and the evidence in the record is undisputed that Applicant initially refused the officer's order to return his meal tray. [*See* #31-3 at 11 (acknowledging, in Applicant's written statement, that "the only charge [Applicant] could be possibl[y] guilty of [is] refusing an order, cause the tray was not return[ed] back to the retrieving officer").

8

requested a staff representative or waived that right. [*Id.*] The Notice, as well as the DHO Report, both indicate that Applicant waived his right to a staff representative. [#31-3 at 2, 8] Neither the Notice nor the Report was signed by Applicant, however, and Applicant contends that he requested a staff representative at the DHO hearing, but his request was denied by the DHO. [#8 at 7]

The Court need not resolve this factual dispute, however, because even if Applicant requested but was denied a staff representative, he has not stated a constitutional violation. An inmate generally does not have a constitutional right to a staff representative. *Wolff*, 418 U.S. at 570; J*ordan*, 2009 WL 1698509, at *9. However, courts have recognized that due process requires the provision of a representative where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Id.* Here, Applicant clearly is not illiterate as he has presented coherent arguments in the Application and related court filings. Nor does Applicant contend that the disciplinary charges raised complex issues, or that he was unable to collect and present evidence without the assistance of a staff representative. To the contrary, Applicant argues that he presented evidence sufficient to disprove the charge. [#8 at 8-9] Applicant, therefore, has not stated a due process violation resulting from the alleged denial of a staff representative.

### B. Sufficiency of the Evidence

Applicant contends that there was insufficient evidence to support the DHO's finding of insolence. In particular, Applicant contends that the DHO failed to consider

exculpatory evidence regarding the definition of the word "cracker".[6]  [#8 at 8-9]  The record clearly reflects, however, that the DHO considered and rejected Applicant's arguments.  [#31-3 at 4]  Applicant argues that the DHO did not take into consideration the dictionary definitions of the word "cracker", which purportedly describe a cracker as either: (1) "a dry thin crispy baked bread product made of flour and water," or (2) "a native from Florida or Georgia."  [#8 at 9]  The DHO addressed Applicant's reference to dictionary definitions within the DHO report, and concluded by stating that "[Applicant's] insistence the word 'cracker' is not a racist statement is recognized by the DHO as [his] attempt to mitigate the circumstances of [his] misconduct" and that the "greater weight of the evidence is given to the reporting officer's claim [Applicant] w[as] insolent to him

---

[6] In a passing reference in the Application, Plaintiff contends that the "First Amendment of the Constitution[ ] guarantee[s] each and every person the right to freedom of speech."  [#8 at 9]  To the extent Applicant contends that his statement to the prison officer is protected by the First Amendment and thus cannot constitute insolence, the Court disagrees.  In the context of the First Amendment, "Prisons are unique."  *Turner v. Falk*, 632 F. App'x 457, 460 (10th Cir. 2015).  "Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison."  *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).  As a result, "prisoners' rights may be restricted in ways that 'would raise grave First Amendment concerns outside the prison context.'"  *Id.* at 1187 (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).  Courts thus have held that insulting and derogatory comments made by prisoners are not entitled to First Amendment protection.  *See, e.g., Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (holding that prisoner's characterization of hearing officer as a "foul and corrupted bitch" violated prison regulation prohibiting insolent behavior and wasn't protected by the First Amendment); *Turner v. Felzien*, No. 11-CV-03033-PAB-MJW, 2013 WL 1093001, at *2 (D. Colo. Mar. 15, 2013) (finding "insubordinate and derogatory comments made to various prison officials" unprotected by the First Amendment); *Denson v. Maufeld*, No. 09-CV-02087-WYD-KLM, 2010 WL 3835834, at *11 (D. Colo. May 19, 2010), report and recommendation adopted, 2010 WL 3835830 (D. Colo. Sept. 24, 2010) (finding that "prisoners do not have a constitutional right to make insulting accusations with impunity").

when [Applicant] exclaimed, 'fuck you, who [sic] white ass country cracker . . .' during the incident." [#31-3 at 4]

Applicant's argument seeks to challenge the sufficiency of the evidence supporting the finding of insolence in light of the purportedly exculpatory evidence provided by the dictionary definitions of the word cracker. In essence, Applicant asks this Court to reweigh the evidence considered by the DHO. The Court declines. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board," and "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or reweighing of the evidence." *Hill*, 472 U.S. at 455. The DHO decision will be "upheld even if the evidence supporting the decision is meager." *Maynard*, 80 F.3d at 1445 (quotation omitted). Here, there is clearly sufficient evidence to support the DHO finding of insolence. As an initial matter, the charge is not based solely upon Applicant's use of the word "cracker", but rather his entire response to the officer, which also included the clearly insolent phrase "fuck you." [See 31-3 at 4 ("[Applicant's] exclamation to the reporting officer 'fuck you, you white ass country cracker you will get them (the food trays) back when I'm good and ready' completely substantiates you were insolent to the reporting officer.") Moreover, Applicant's use of the word "cracker" in combination with the phrase "white ass" provides at least some evidence to support the DHO's conclusion that the phrase "white ass country cracker" was intended to be a racial epithet. [*Id.*]

### C. Conduct of the DHO

Plaintiff also alleges that the DHO was "very defian[t] and totally unprofessional during the entire proceedings." [#8 at 9] Construing the Application liberally, the Court understands Plaintiff to allege that the DHO was biased against him. However, "because honesty and integrity are presumed on the part of a tribunal," to state a constitutional violation based upon bias, Applicant must demonstrate "some substantial countervailing reason to conclude that [the DHO] [wa]s actually biased with respect to factual issues being adjudicated." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (quoting *Tonkovich v. Kan. Bd. Of Regents*, 159 F.3d 504, 518 (10th Cir. 1998). "[D]ue process is violated only when the risk of unfairness is intolerably high under the circumstances of a particular case." *Id.* (quotations omitted).

Here, Applicant offers no specific example of the DHO's purported defiance and unprofessionalism other than to contend that the DHO did not give proper consideration to Applicant's exculpatory evidence, which is addressed above. Plaintiff's conclusory statement of bias is insufficient to state a due process violation. *See Farrakhan-Muhammad v. Oliver*, 688 F. App'x 560, 566 (10th Cir. 2017) (finding "bare, conclusory assertions" of hearing officer prejudice insufficient); *Wright v. Daniels*, No. 13-CV-01430-RBJ, 2013 WL 5937991, at *5 (D. Colo. Nov. 6, 2013) ("Applicant's conclusory allegation that the DHO was biased against him is not sufficient to demonstrate a denial of due process.")

## IV. CONCLUSION

For the foregoing reasons, the Court finds that nothing in the record indicates that Applicant is entitled to relief and thus the Court finds it unnecessary to conduct an evidentiary hearing on the Application. *Wilson*, 335 F. App'x at 784.

**IT IS ORDERED** that the Application is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

DATED: December 15, 2017                         BY THE COURT:

                                                s/Scott T. Varholak_____
                                                United States Magistrate Judge